UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROSEMARY IDA MERGENTHALER,

    Appellant,       MEMORANDUM & ORDER
                   16-CV-2466(JS)

  -against-

DEAN OSEKAVAGE, R. KENNETH BARNARD,
and UNITED STATES TRUSTEE,

    Appellees.
----------------------------------------X
SEYBERT, District Judge:

  Currently pending before the Court is an appeal filed by Rosemary Ida Mergenthaler ("Appellant") from two orders issued by Judge Robert E. Grossman in her Chapter 7 bankruptcy proceeding, which was commenced on May 11, 2015. (See In re Mergenthaler, No. 15-72040.) On May 13, 2016, Appellant filed a Notice of Appeal in this Court seeking review of: (1) an order denying Appellant's motion seeking the return of a $180,000 asset, entered on May 3, 2016 (the "May 3, 2016 Order"); and (2) an order granting creditor and Appellee Dean Osekavage's ("Osekavage") motion to enjoin Appellant from filing additional motions or requests for relief without written permission from the Bankruptcy Court, entered on May 5, 2016 (the "Filing Injunction"). (See In re Mergenthaler, No. 15-72040, May 3, 2016 Order, Docket Entry 164; Filing Injunction, Docket Entry 165.)

Initially, Appellant failed to file a brief as required by Federal Rule of Bankruptcy Procedure 8018; however, after she was notified that the appeal would be dismissed, she filed her brief on July 27, 2017. (Appellant's Br., Docket Entry 6.) Trustee R. Kenneth Barnard ("Barnard") filed his brief on August 10, 2017, and Osekavage filed a brief adopting Barnard's arguments on August 22, 2017. (Barnard Br., Docket Entry 7; Osekavage Br., Docket Entry 8.) Appellant filed a reply brief on August 21, 2017. (Appellant's Reply, Docket Entry 9.)

The tactics employed by Appellant and her husband, Peter Mergenthaler, are well known to this Court. Over the last two years, they filed ten bankruptcy appeals before this Court in an effort to prevent their former residence, located at 3 Wood Edge Court, Water Mill, New York (the "Property") from being sold to satisfy a lien held by Osekavage.[1] The Court issued several opinions addressing the appeals, each time finding the arguments to be meritless. See, e.g., Mergenthaler v. Barnard, No. 15-CV-05078, 2016 WL 3080808, at *1 (E.D.N.Y. May 27, 2016); Mergenthaler v. Thaler, No. 15-CV-2034, Docket Entries 9, 12, (E.D.N.Y April 29, 2015). On September 21, 2016, this Court barred Appellant from

---

[1] The actions filed by the Mergenthalers bear the following case numbers: 15-CV-2031, 15-CV-2032, 15-CV-2033, 15-CV-2034, 15-CV-5078, 15-CV-7301, 16-CV-1113, 16-CV-2466, 16-CV-4390, and 17-CV-0615. Based on Barnard's representations, it appears the sale of the Property has closed. (Barnard Br. at 3.)

2

"filing any additional cases, motions, or appeals concerning the assets in her bankruptcy estate before this Court without first obtaining written permission from the Court." Mergenthaler v. Barnard, Nos. 16-CV-4390, 15-CV-5078, 2016 WL 5173261, at *2 (E.D.N.Y. Sept. 21, 2016).

## DISCUSSION

I. Legal Standard

On appeal, this Court reviews the Bankruptcy Court's "legal conclusions de novo and its factual findings for clear error." Townsend v. Ganci, 566 B.R. 129, 133 (E.D.N.Y. 2017). Factual findings are clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" In re Thakur, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting In re AMR Corp., 490 B.R. 470, 475 (S.D.N.Y. 2013)). The district court reviews mixed questions of law and fact de novo. Id.

II. Appeal of the May 3, 2016 Order

On April 5, 2016, Appellant filed a motion seeking the return of $180,000 she turned over to the Trustee on March 24, 2015. (In re Mergenthaler, No. 15-72040, Appellant's Mot., Docket Entry 146.) Judge Grossman denied the motion on May 3, 2016. (See, Docket Entry 164.)

In her brief, Appellant fails to address the May 3, 2016 Order. Instead, she focuses on why the Bankruptcy Court's "order

3

enjoining appellant from making further motions or appeals should be reversed" and why the Bankruptcy Court's "order overruling appellant's opposition to any order of the court authorizing Trustee Barnard to pay $2,096,976.36 to Dean Osekavage must be reversed."[2]  (Appellant's Br. at 12, 13.)  Further, as Barnard points out, she failed to attach a copy of the May 3, 2016 Order to the Notice of Appeal as required by Federal Rule of Bankruptcy Procedure 8003(3).  See FED. R. BANKR. P. 8003(3) ("The notice of appeal must . . . be accompanied by the judgment, order, or decree, or the part of it, being appealed.").  In light of Appellant's failure to raise any ground for vacating the Order, the appeal as to the May 3, 2016 Order is DISMISSED.

III. Appeal of the Filing Injunction

On April 14, 2016, Osekavage filed a motion to enjoin Appellant from "making any further motions and/or filings and/or proceedings in this Court, without first obtaining written permission from this Court . . . related to . . . 3 Wood Edge Court, Water Mill, NY . . . and/or any and all attorneys and court personnel connected to proceedings concerning the Premises."  (In re Mergenthaler, No. 15-72040, Not. of Mot., Docket Entry 149-1, at 1-2.)  Judge Grossman granted the motion during a hearing on

---

[2] She also alleges a "feloneous conspiracy and/or criminal collusion of Trustee Barnard and Creditor Osekavage and Receiver Cuthbertson and Judge Grossman to convert about $3,000,000.00 of debtor's assets."  (Appellant's Br. at 9.)

4

May 2, 2016, and endorsed the Filing Injunction on May 5, 2016. (See In re Mergenthaler, No. 15-72040, Electronic Entry, May 2, 2016; Filing Injunction.) Appellant maintains that the Filing Injunction should be vacated because it violates her "rights to due process and to redress [her] grievances in a court of law." (Appellant's Br. at 12.)

When deciding whether a filing injunction is warranted, a court should consider "'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" In re Truong, No. 09-CV-11047, 2009 WL 2929261, at *7 (S.D.N.Y. Sept. 3, 2009) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). The Second Circuit has instructed district courts to consider: "'(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.'" Duran v. Kiley, 586 F. App'x 598, 600 (2d Cir. 2013) (quoting Safir, 792 F.2d at 24).

As discussed, on September 21, 2016, this Court entered an injunction barring Appellant from filing further cases, motions, or appeals without this Court's permission. See Mergenthaler, 2016 WL 5173261, at *1-2. This Court found that "the Mergenthalers have filed numerous vexatious cases in this Court in an effort to delay the sale of [the] Property" and that of the ten bankruptcy appeals filed by the Mergenthalers, none were meritorious. Id. at *2. In light of this Court's finding that a filing injunction was appropriate based on Appellant's conduct, the Court finds no error in Judge Grossman's entry of a similar injunction.[3] Therefore, the appeal of the Filing Injunction is DISMISSED.[4]

---

[3] In a bankruptcy appeal filed by Appellant's husband, Peter, this Court denied Osekavage's motion for a filing injunction against Peter Mergenthaler without prejudice. In re Mergenthaler, No. 15-CV-2034, 2017 WL 979031, at *3-4 (E.D.N.Y. Mar. 13, 2017). Appellant argues the Bankruptcy Court's Filing Injunction should be vacated for the same reasons that this Court denied Osekavage's motion in that case. (Appellant's Br. at 12.) However, the Court made no findings in that proceeding that would support vacating the Filing Injunction entered by Judge Grossman. As a result, this argument fails.

[4] Additionally, Appellant requests that this Court sua sponte reconsider its May 12, 2017 Electronic Order in another matter filed by Appellant, Mergenthaler v. Barnard, 17-MC-1306, in which this Court denied Appellant leave to file another bankruptcy appeal. As there is no basis for the relief requested, that request is DENIED. Similarly, her request for Rule 11 sanctions against Osekavage and/or his attorneys is also DENIED. (See Appellant's Reply at 12.)

CONCLUSION

For the foregoing reasons, this appeal is DISMISSED. In light of the Court's determination that this appeal is without merit, the Clerk of the Court is directed to TERMINATE AS MOOT any pending motions. The Clerk of the Court is further directed to mail a copy of this Order to the pro se Appellant and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __17__, 2018
       Central Islip, New York

Cc: Rosemary Ida Mergenthaler
    c/o Homewood
    70 Miles Drive
    Wallingford, CA 06492